UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TERRY R. WOFFORD                                                                                    PLAINTIFF

V.                                           No. 3:20CV00026-DPM-JTR

STEVE ROAX, Administrator,
Poinsett County Detention Center, *et al.*                                          DEFENDANTS

**ORDER**

Plaintiff Terry R. Wofford ("Wofford"), a pretrial detainee in the Poinsett County Detention Center ("PCDC"), has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his constitutional rights. *Docs. 2 & 6.*[1] Before Wofford may proceed with this case, the Court must screen his claims.[2]

---

[1]Although Wofford's initial Complaint was unsigned, he later submitted an executed signature page, as directed by the Court. *Docs. 3 & 4.* The Court then allowed Wofford to file an Amended Complaint to cure other deficiencies contained in his Complaint. *Doc. 5.*

The Court has read Wofford's *pro se* pleadings, together, as constituting his claims. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (pro se complaint must be "liberally construed" and "pro se litigants are held to a lesser pleading standard than other parties"); *Kiir v. N.D. Pub. Health,* 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint).

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). To survive the screening process, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Wofford alleges that, between February 4, 2019 and April 6, 2020, he was confined to a cell twenty-three hours a day and received "yard" only five times. He alleges that his "one hour out" was only to shower, or use the phone or jail "kiosk." As Defendants, he names PCDC Administrators Steve Rorex ("Rorex"), Trisha Marshall ("Marshall"), and Regina Hindman ("Hindman). He has sued Defendants in their individual and official capacities, and he seeks monetary and injunctive relief. *Docs. 2 & 6.*

The Court concludes, *for screening purposes only*, that Wofford has pled a plausible inhumane conditions of confinement claim against Defendants and that his § 1983 claims should be allowed to proceed. Accordingly, the Court will order service of the Complaint and Amended Complaint on each Defendant.

IT IS THEREFORE ORDERED THAT:

1.  The Clerk is directed to change the names of Defendants "Steve Roax" and "Ptrisha Marshall" to be "Steve Rorex" and "Trisha Marshall," as stated in Wofford's Amended Complaint (*Doc. 6 at 1-2*).

2.  Wofford may PROCEED with his inhumane conditions of confinement claims against Rorex, Marshall and Regina Hindman.

3.  The Clerk is directed to prepare a summons for Rorex, Marshall and Hindman at the Poinsett County Detention Center. The United States Marshal is directed to serve the summonses, Wofford's Complaint and Amended Complaint

(*Docs. 2 & 6)*, and this Order, on them without prepayment of fees and costs or security therefor.[3]

DATED this 17th day of December, 2020.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] If any Defendant is no longer a Poinsett County employee, the individual responding to service must file a **sealed** statement providing the unserved Defendant's last known private mailing address.